**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  09-cv-02467-REB-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2518 NEWPORT DRIVE, FORT COLLINS, COLORADO,
37088 SOARING EAGLE CIRCLE, WINDSOR, COLORADO,
2019 WINFIELD COURT, FORT COLLINGS, COLORADO, and
1813 BROADVIEW PLACE, FORT COLLINS, COLORADO,

    Defendants.

## ORDER OF DISMISSAL AS TO DEFENDANT
## 1813 BROADVIEW PLACE ONLY

**Blackburn, J.**

The matter is before me on the **Unopposed Motion To Dismiss Defendant 1813 Broadview Place Only** [#104] filed January 24, 2011.  After reviewing the motion and the file, I conclude that the motion should be granted; that defendant, 1813 Broadview Place, Fort Collins, Colorado should be dismissed; that a Certificate of Reasonable Cause should be issued pursuant to 28 U.S.C. § 2465(a)(2); and that final judgment should be entered under Fed. R. Civ. P. 54(b).

It appears that there was reasonable cause for the forfeiture and limited seizure of the property at 1813 Broadview Place, Fort Collins, Colorado.[1]  Thus a Certificate of Reasonable Cause should be issued pursuant to 28 U.S.C. § 2465(a)(2).

After considering carefully all factors relevant to certification of a final judgment

---

[1] "Limited seizure" is a reference to the inspection of the property conducted by plaintiff pursuant to the **Writ of Entry** [#17] entered November 2, 2009.

under Fed. R. Civ. P. (b) as codified and construed, *see, e.g.,* ***Stockman's Water Co., LLC v. Vaca Partners, L.P.***, 425 F.3d 1263 (10th Cir. 2005); ***Oklahoma Turnpike Authority v. Bruner***, 259 F.3d 1236 (10th Cir. 2001), I conclude and determine expressly (1) that there is no just reason for delay, and (2) that the judgment should be certified as a final judgment. See ***Stockman's Water Co.***, F.3d at 1265; ***Curtiss-Wright Corp. v. General Electric Co.***, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Entry of a final judgment will resolve fully and finally the only dispute between the parties to this motion. In the specific context of the single claim of the plaintiff against the defendant and concomitant claimant, my order and concomitant judgment constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action." ***Oklahoma Turnpike Authority***, 259 F.3d at 1242 (internal quotations and citations omitted). Contrastingly, without entry of a final judgment, claimant may not act vis-a-vis this real property until the litigation is terminated as to all parties, claimants, and claims. There is no just reason to delay entry of judgment on my discreet order concerning this discreet motion presenting a discreet claim until I have resolved conclusively all other pending claims and issues extant among the plaintiff and other defendants, claimants, and litigants. See *id*.

      **THEREFORE, IT IS ORDERED** as follows:

      1. That the **Unopposed Motion To Dismiss Defendant 1813 Broadview Place Only** [#104] filed January 24, 2011, is **GRANTED**;

      2. That plaintiff's claims against defendant, 1813 Broadview Place, Fort Collins, Colorado, are **DISMISSED**;

3.  That defendant, 1813 Broadview Place, Fort Collins, Colorado, is **DROPPED** as a named party to this action, and the case caption is amended accordingly;

4.  That a Certificate of Reasonable Cause is **GRANTED** pursuant to 28 U.S.C. § 2465; and

5.  That the judgment entered pursuant to this order is **CERTIFIED** to be a final judgment under Fed. R. Civ. P. 54(b).

Dated January 26, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge